IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2239-BO

| | | |
|---|---|---|
| MARIA DE JESUS GARIBAY, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BIANCA HARRIS, | ) | |
| Respondent. | ) | |

Maria De Jesus Garibay, a state prisoner, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Bianca Harris ("Respondent") moved to dismiss the complaint as untimely and filed outside the statute of limitation. 28 U.S.C. § 2244(d)(1). Petitioner did not respond, the time to respond has run, and the matter is ripe for determination.

Petitioner is a prisoner of the State of North Carolina. On October 11, 2004, in the Superior Court of Beaufort County, Garibay was convicted after trial by jury of trafficking cocaine. She was sentenced to 175-219 months imprisonment. On May 2, 2006, the North Carolina Court of Appeals issued an unpublished opinion finding no error, and on May 3, 2007, the Supreme Court of North Carolina dismissed Garibay's appeal and petition for discretionary review. State v. Garibay, 628 S.E.2d 867, 2006 N.C. App. Lexis 986, disc. review denied, 361 N.C. 362, 646 S.E.2d 369 (2007). Petitioner was represented at trial by Sonia M. Privette and on appeal by Paul F. Herzog.

On July 9, 2008, Garibay filed a motion for appropriate relief (MAR) in the Superior Court of Beaufort County. The MAR was summarily denied December 18, 2008. On May 5, 2009, she filed a certiorari petition in the Superior Court of Beaufort which was summarily denied on November 3, 2009. This habeas corpus petition was dated October 14, 2010.

DISCUSSION

Respondent argues that the petition should be dismissed as untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a person in custody pursuant to the judgment of a state court must file a petition for a writ of habeas corpus within one year. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application . . is removed . . . ;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The limitations period may be tolled under section 2244(d)(1) during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 n.2 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from initial filing until final disposition by the state courts. See Taylor, 186 F.3d at 561. However, where a petitioner seeks out-of-time (post-deadline) appellate review, tolling is not allowed for the entire post-deadline interim period but for the time in which the petition is filed and pending. See Allen v. Mitchell, 276 F.3d 183 (4th Cir. 2001); McKinnon v. Beck, No. 5:05-HC-225-H (E.D.N.C. March 15, 2006) (tolling is not allowed for the entire post-deadline interim period after a deadline has passed for filing an appeal); Minter v. Beck,

2

230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief (MAR) is not tolled from one-year period of limitation); but see Frasch v. Pequese, 414 F.3d 518 (4th Cir. 2005).

Petitioner's conviction became final on direct review ninety days after the May 3, 2007, order of the Supreme Court of North Carolina denying discretionary review and dismissing his notice of appeal. See Sup. Ct. R. 13.1; Clay v. United States, 537 U.S. 522, 527 (2003). This makes the start date for the statute of limitations Wednesday, August 1, 2007. The statute of limitations then ran 343 days until July 9, 2008, when she filed her MAR in the Superior Court of Beaufort County. See N.C.G.S. § 15A-1420(a)(3) (2009) ("A written motion for appropriate relief [MAR] must be filed in the manner provided in G.S. § 15A-951(c).") and N.C.G.S. § 15A-951(c) (2009) ("All written motions must be filed with the court. Proof of service must be made by filing with the court a certificate: (1) By the prosecutor, attorney or defendant making the motion that the paper was served in the manner prescribed, or (2) Of acceptance of service by the prosecutor, attorney or defendant to be served. The certificate must show the date and method of service or date of acceptance of service."); see Houston v. Lack, 487 U.S. 266, (1988); see also Byrson v. Harkleroad, 2010 U.S. Dist. Lexis 32376, p.9 (W.D.N.C. April 1, 2010) ("There appears to be no corresponding 'prison mail box rule' for filing MARs in state court, as there is for filing appeals in federal court."), appeal dismissed, 2010 U.S. App. Lexis 26219 (4th Cir. December 27, 2010); Doak v. Quarterman, 271 Fed. Appx. 466, 467 (5th Cir. 2008) (declining to extend the prison "mail box rule" to state post-conviction filings); Howland v. Quarterman, 507 F.3d 840, 845 (5th Cir. 2007) (declining to apply mailbox rule to Texas court filings where Texas did not recognize a mailbox rule for habeas actions); Garcia v. Shanks, 351 F.3d 468, 471 (10th Cir. 2003) (declining to apply mailbox rule to New Mexico state filings because New Mexico does not apply the mailbox rule to state filings); Vroman v. Brigano, 346 F.3d 598, 604 (6th

Cir. 2003) (declining to extend the mailbox rule to the determination of filing dates for state post-conviction applications where state supreme court had rejected the rule).

This July 9, 2008, MAR was summarily denied December 18, 2008. Because of some confusion within the clerk's office, petitioner states she did not receive the denial until March 21, 2009. Given the interim period does not affect the timeliness of the federal petition at issue today, the court shall consider the time tolled through March 21, 2009. Thus, the statute begin to run again and fully expired 22 later on April 13, 2009. Likewise, without considering whether petitioner's subsequent May 5, 2009, petition was "proper filed" and thus continued to toll the period through March 21, 2009, until denial on November 3, 2009, the time would have expired on November 25, 2009. (22 days after November 3, 2009, which is the latest date possible the period may be argued tolled). This federal habeas corpus application was not dated until October 14, 2010, and is clearly out of time, given even the most liberal of construction.

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") Thus, the court reviews whether petitioner is entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED

Accordingly, Respondent's Motion to Dismiss (D.E. # 6) the habeas corpus petition as untimely is GRANTED and the matter is DISMISSED. The certificate of appealability is DENIED.

SO ORDERED, this 21 day of November 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE